IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,071-01




EX PARTE BILLY GENE HARRIS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. C-35,193 IN THE 244TH DISTRICT COURT
FROM ECTOR COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to forty years’ imprisonment. He did not appeal his conviction.
            Applicant contends, among other things, that his plea was rendered involuntary because he
wanted to go to trial but was advised to plead guilty. Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant’s claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether Applicant’s
guilty plea was voluntary. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas
corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The plea papers shall also be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 23, 2010
Do not publish